CP:SLD
F.# 2006R01512

**M06-1208**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

STEPHEN SANTORNINO and
ADAM MILLS,

           Defendant.

- - - - - - - - - - - - - - - X

**U N D E R   S E A L**

AFFIDAVIT IN SUPPORT
OF ARREST WARRANTS

(T. 21, U.S.C., § 963)

EASTERN DISTRICT OF NEW YORK, SS:

DAVID P. CAMPBELL, being duly sworn, deposes and says
that he is a Special Agent with the Drug Enforcement Administration
(the "DEA"), duly appointed according to law and acting as such.

Upon information and belief, there is probable cause to
believe that in or about June 2006, within the Eastern District of
New York and elsewhere, the defendants STEPHEN SANTORNINO and
ADAM MILLS did knowingly and intentionally conspire to import a
list II chemical, to wit: iodine crystals, with intent to
manufacture a controlled substance, to wit: methamphetamine, in
violation of Title 21, United States Code, Section 960(d)(1).

(Title 21, United States Code, Section 963; Title 18,
United States Code, Sections 3551 et seq.)

The source of your deponent's information and the grounds

for his belief are as follows:[1]

## I. **Qualifications and Sources of Information**

1.   I have been a Special Agent with the DEA for approximately four years.   Currently, I am investigating the operation of clandestine drug laboratories operating in the Eastern District of New York and elsewhere.

2.   I have personally participated in the investigation of this case and, based upon that participation and reports made to me by other members of the DEA, as well as other law enforcement agencies (who have either direct or hearsay knowledge of the reported facts), I am familiar with the facts and circumstances of this investigation.   Except as otherwise noted, I have not differentiated herein between facts of which I have personal knowledge and facts that were reported to me by fellow law enforcement officers.

3.   Based on my training, experience, participation in other drug investigations, execution of search warrants, debriefing of confidential informants and extensive discussions with forensic chemists with the DEA and other experienced law enforcement officers, I am familiar with how methamphetamine and its various forms, commonly referred to as "crystal meth" or "ice," are manufactured and distributed.

---

[1]   Because the purpose of this Affidavit is solely to set forth probable cause to arrest, I not have set forth all facts concerning this investigation of which I am aware.

4. Specifically, in addition to my duties as a Special Agent with the DEA, I am a member of the Clandestine Laboratory Team (the "Clan Lab Team"). The Clan Lab Team is a cadre of DEA Special Agents who are specially trained and certified as to the methods used to manufacture and cultivate various types of narcotics and controlled substances, such as Phencyclidine ("PCP"), methyldioxy methamphetamine, commonly referred to as "MDMA" or ecstasy, and various forms of methamphetamine. Moreover, as the production of these types of drugs are extremely volatile and often produce toxic waste as a byproduct, they represent a significant danger to the public. Accordingly, members of the Clan Lab Team are also certified as first-responders to clandestine laboratories and trained to oversee their safe dismantling and cleanup in keeping with federal health and safety regulations.

## II. **The Investigation**

5. In or about June 2006, I was notified by law enforcement officers that records obtained from the execution of a search warrant documented that, in June 2006, a half-pound of iodine crystals were purchased from a foreign chemical company with the PayPal account of STEPHEN SANTORNINO, for delivery to ADAM MILLS. According to the records maintained by PayPal, STEPHEN SANTORNINO's address was 124 Maple Avenue, Patchogue, New York (the "Maple Avenue address").

6. Based upon my training and experience, and

discussion with DEA forensic chemists, I know that iodine, a list II chemical (Title 21, Code of Federal Regulations, Section 1310.02(b)), is a critical component to a chemical process that is responsible for the production of methamphetamine, a schedule II controlled substance (Title 21, Code of Federal Regulations, Section 1308.12(d)).

7.    Furthermore, while I am aware that there are some legitimate uses for iodine crystals, in my opinion, the delivery of such a large quantity of iodine crystals is an indicator of the operation of a clandestine laboratory producing methamphetamine.

8.    In July 2006, an officer of the Suffolk County Police Department contacted the defendant ADAM MILLS by telephone and spoke with him.  In response to questions regarding his receipt of chemicals from a foreign supplier, MILLS stated, in sum and in substance, that while he did receive a package from a foreign country, he returned it.

9.    Based upon the foregoing, on August 22, 2006, the DEA Clan Lab Team went to the Maple Avenue address.  At the location, team members met with the wife of the defendant STEPHEN SANTORNINO, who later gave consent to search the location, which she stated was their residence.

10.    Inside the residence, law enforcement officers discovered a marijuana plant, as well as chemicals and equipment that   are   necessary   components   for   the   manufacture   of

methamphetamine and the cultivation of marijuana. Among other things, law enforcement officers discovered glassware, coffee filters, various solvents, methamphetamine residue, a tank of carbon dioxide and grow lights.

11. After searching the residence, law enforcement officers asked the wife of the defendant STEPHEN SANTORNINO where he was located. She replied that he was currently at work and gave officers the location of his employment.

12. At his job location, law enforcement officers were introduced to the defendant STEPHEN SANTORNINO, identified themselves as law enforcement officers and asked if he would answer questions. Before speaking with law enforcement, SANTORNINO was told that the conversation was voluntary in nature and that he could refuse to answer questions and conclude the interview at any time. SANTORNINO stated that he understood the nature of the interview and agreed to speak with law enforcement officers.

13. In response to questions, SANTORNINO stated, in substance and in part, that: (i) he was introduced to methamphetamine approximately three years ago by ADAM MILLS; (ii) he and MILLS had one source from whom they purchase methamphetamine; (iii) the last time, approximately a year and a half ago, SANTORNINO provided the source with money to buy one gram of methamphetamine, however, the source took the money and disappeared; (iv) after the loss of their source, MILLS decided to

manufacture the drug and SANTORNINO agreed to help; (v) MILLS purchased iodine crystals over the Internet, using his (SANTORNINO's) PayPal account, for delivery to MILLS; (vi) MILLS complained about having difficulty purchasing the necessary quantities of pseudoephedrine because they required identification; (vii) ultimately, all the necessary chemicals and components were acquired, but they were waiting for MILLS' wife to leave for vacation so that they could have a location at which they could produce the methamphetamine; and (viii) before that time, MILLS called SANTORNINO, told him that the police had called and instructed him to discard everything.

14. With regard to the marijuana plant and the indoor grow equipment recovered, the defendant STEPHEN SANTORNINO explained that he tried to grow marijuana approximately seven years ago.

WHEREFORE your deponent respectfully requests that warrants for the arrest of the defendants STEPHEN SANTORNINO and ADAM MILLS be issued so that he may be dealt with according to law.

In addition, it is respectfully requested that this affidavit be filed under seal.

Dated: November 28, 2006
      Brooklyn, New York

David P. Campbell
Special Agent
Drug Enforcement Administration

Sworn to before me this
28th day of November 2006

JE